## LIPPMAN a. PETERSBURGH.

*New York Common Pleas; Special Term, September*, 1858.

ARREST.—AFFIDAVIT.—ALLEGATION OF OWNERSHIP.

In an action by a married woman respecting her separate property, an affidavit on which to obtain a provisional remedy—*e. g.*, arrest—is not insufficient because it alleges in general terms that the property in question was her separate and individual property, without showing how it became so.[*]

Motion to vacate order of arrest.

The facts are stated in the opinion.

*Mott, Murray*, and *Harris*, for the motion.

*A. J. Dittenhoffer*, opposed.

BRADY, J.—The allegation of the plaintiff, that the money obtained from her by the defendant was her separate and individual property, is subject to the criticism that it is a mere conclusion of law, and this view presents the only material question upon the motion to discharge the order of arrest. The defendant, however, in moving upon the plaintiff's affidavit, admits the contents thereof to be true, and if a conclusion of

---

[*] Compare Howland a. Fort Edward Paper Mill Co., 8 *How. Pr. R.*, 505; Stalers a. Barbite, 2 *Car.*, 221, and Wasserman a. Willett, *Ante*, 63.

HARVARD LAW SCHOOL LIBRARY

law, as in this case, stands as a fact alleged, I do not see how it can be said with justice, that the averment either as a conclusion of law or as a fact, is not truthfully made. If, on the complaint an issue were framed upon the plaintiff's title, whether she owned the property or not, it would necessarily depend upon certain facts to be established, and the issue would be, Was the money fraudulently obtained by the defendant the separate property of the plaintiff's? In aid of this, it appears that the plaintiff was in possession of the money, and she may have received through a trustee during the absence of her husband, or under the decree of the Chancellor of Illinois, in pursuance of the statute laws, 1857, p. 52, section 1, which contemplates in certain cases such a ceremony. It is only necessary that a *prima facie* case should be presented on affidavit to authorize an order of arrest, and if the facts and circumstances detailed are sufficient to satisfy the judge making the order that a cause of action exists, the order should issue. In Depeu *a.* Lent (2 *Abbotts' Pr. R.*, 131), which was an action of claim and delivery of goods, the affidavit of the plaintiff as to a part of the goods claimed was that he was the owner, and as to that, on objection, Justice Hoffman said: "The plaintiff swears to an absolute ownership, and so far his proceedings are unobjectionable."

There are cases parallel to this, in which the allegations upon which the plaintiff predicates his course of action are legal conclusions. For example: that he sold and delivered certain goods. A sale is a legal conclusion predicated on the acts of the parties, and a delivery upon the act of the person alleging it to have been made. So in actions for the recovery of personal property, the general allegation that the plaintiff was the owner is the usual form of statement, and has not, that I am aware of, been declared to be objectionable. For all purposes it is sufficient, and if the details of the ownership were spread upon the record, that form of procedure might lead to a statement of the evidence going to prove it. That would be objectionable. Upon a full and careful consideration of the question, therefore, I have arrived at the conclusion that the averment of separate ownership not denied, coupled with the fact that there is a statute of Illinois under which the plaintiff might have become possessed of the money, is sufficient, and that upon such

a state of facts the question should not be disposed of on a mere objection to the affidavit upon which the order of arrest was granted. In reference to the suggestion of the voluntary appropriation by the plaintiff of the money claimed to her husband's use, I deem it only necessary to say that the money was obtained by fraud—that no title passed to any person, and that the husband, even if the trust were valid, could not interfere with the plaintiff in her right to require the application of the fund as designed.

Motion to discharge denied, but without costs.